UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**   2:26-cv-03745-BFM          **Date:** June 9, 2026

**Title:**   *Juan Carlo Mendoza v. Carrington Mortgage Services, LLC et al*

===================================================================

Present:   The Honorable Brianna Fuller Mircheff, United States Magistrate Judge

|  Christianna Howard  |  N/A  |
|:--:|:--:|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff | Attorneys Present for Defendant |
| N/A | N/A |

**Proceedings:     (In Chambers) Order to Show Cause Regarding Diversity Jurisdiction**

Defendant Carrington Mortgage Services removed this case from the Los Angeles County Superior Court to this Court. Defendant cited diversity jurisdiction as the basis for removal, stating that Plaintiff and Defendant were citizens of different states and that Plaintiff sought damages in excess of $75,000.00. (ECF 1 at 3.) While Plaintiff's Complaint seeks statutory damages, injunctive relief, restitution, and attorneys' fees and costs, it is unclear whether Plaintiff is entitled to that relief and whether the amount in controversy meets the diversity jurisdiction threshold. The Court therefore orders the parties to show cause why this action should not be remanded.

The issue of subject matter jurisdiction may be raised *sua sponte* by the Court at any time. *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002). Pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, the Court must dismiss an action if it lacks subject matter jurisdiction.

There are two statutory bases for federal subject matter jurisdiction: federal question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332. Here, Defendant removed this case based upon

Page **1** of **6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**   2:26-cv-03745-BFM              **Date:** June 9, 2026

**Title:**      *Juan Carlo Mendoza v. Carrington Mortgage Services, LLC et al*

======================================================================

diversity jurisdiction and there does not appear to be a basis for federal question jurisdiction. (ECF 1.) Diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ." 28 U.S.C. § 1332.

While it appears there is diversity of citizenship between the parties, the Court does not have enough information to assure itself that the amount in controversy exceeds $75,000. The amount in controversy is generally determined from complaint allegations. *Sky-Med, Inc. v. Fed. Aviation Admin.*, 965 F.3d 960, 965 (9th Cir. 2020) ("[W]e generally calculate the amount in controversy by examining the face of the well-pleaded complaint."); *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). When it is not clear from the face of the complaint that the amount exceeds $75,000, the removing party must put evidence before the Court to establish that it is "more likely than not" that the amount in controversy exceeds that threshold. *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018). If "from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed, or if from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount," diversity jurisdiction cannot be maintained. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938). For purposes of determining the propriety of remand, the court considers the amount in controversy at the time of removal. *See Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414-15 (9th Cir. 2018) ("we write to clarify what it means to say that the amount in controversy is determined as of the time of removal . . . [ ] [and] [w]e conclude that the amount in controversy is not limited to damages incurred prior to removal ... [r]ather, the amount in controversy is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**   2:26-cv-03745-BFM                **Date:** June 9, 2026

**Title:**    *Juan Carlo Mendoza v. Carrington Mortgage Services, LLC et al*

====================================================================

Here, the Complaint is the only document before the Court concerning the amount in controversy. (ECF 1 at 15-22). The Complaint alleges violations of California statutory protections stemming from Defendant's attempted foreclosure upon Plaintiff's property after Plaintiff fell behind on the loan, and alleges that Plaintiff is entitled to multiple forms of relief: statutory damages based upon Cal. Civ. Code §§ 2923.6 and 2923.7 violations; attorneys' fees; injunctive relief; restitution and disgorgement. (ECF 1 at 17-22.) It is unclear that the relief Plaintiff requests brings the amount in controversy to the jurisdictional threshold.

A. Damages and Attorneys' Fees

Plaintiff seeks statutory damages from violations of California Civil Code §§ 2923.6 and 2923.7. (ECF 1 at 18-20.) Under those sections, however, when a deed upon sale has not been recorded, a borrower is only entitled to injunctive relief. Cal. Civ. Code § 2924.12(a)(1). It is only after the deed upon sale has been recorded that a lender is liable for actual damages or statutory damages. *Id.* § 2924.12(b) (after a deed upon sale is recorded, borrower may recover "actual economic damages" for material violation of statutes and may recover "treble actual damages or statutory damages of fifty thousand dollars" for intentional, reckless, or willful misconduct). As Plaintiff's Complaint does not allege that a deed upon sale was recorded, those damages would not count toward the amount in controversy. *Williams v. Wells Fargo Bank, N.A.*, No. CV 17-02249 WBS KJN, 2018 WL 453748, at *4 (E.D. Cal. Jan. 17, 2018).

Plaintiff also seeks attorneys' fees. Attorneys' fees are included in amount in controversy assessments where recoverable by statute. *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019). Here, a prevailing borrower, defined as a borrower who obtained injunctive relief or damages under § 2924.12, may also recover reasonable attorneys' fees and costs. Cal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**   2:26-cv-03745-BFM                 **Date:** June 9, 2026

**Title:**       *Juan Carlo Mendoza v. Carrington Mortgage Services, LLC et al*

====================================================================

Civ. Code § 2924.12(h). But there is no estimate or other support for the contention that fees and costs would bring the amount in controversy past the jurisdictional threshold.

   B. Injunctive Relief

      Plaintiff also seeks injunctive relief, which may be granted prior to recording of a deed upon sale. Cal. Civ. Code § 2924.12(a)(1). When a plaintiff seeks injunctive relief, the amount in controversy is measured by the value of the object of the litigation. *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002). In cases where a plaintiff seeks to enjoin foreclosure of a property, the amount in controversy is usually measured by the value of the property or the mortgage amount. *Lopez v. JPMorgan Chase Bank, N.A.*, No. SACV 15-02030 JVS (JCGx), 2016 WL 320105, at *2 (C.D. Cal. Jan. 25, 2016) (citing *Gonzales v. Wells Fargo Bank, N.A.*, No. C 14-03850 JSW, 2014 WL 5465290, at *2 (N.D. Cal. Oct. 28, 2014)). Courts have, however, recognized a "narrow exception" to that general rule and found that "when there is no actual foreclosure pending, and the plaintiff seeks only to enjoin possible foreclosure proceedings, the value of the property or the loan is not the proper measure of the amount in controversy." *Lopez v. JPMorgan Chase Bank, N.A.*, No. SACV 15-02030 JVS (JCGx), 2016 WL 320105, at *3 (C.D. Cal. Jan. 25, 2016); *Quiroga v. Bank of Am., N.A.*, No. EDCV 15-1163-MWF (KKx), 2015 WL 4747978, at *3 (C.D. Cal. Aug. 10, 2015); *Dalby v. Ditech Fin. LLC*, 285 F. Supp. 3d 1092, 1096–97 (D. Alaska 2018) (although plaintiff requested injunctive relief rescinding foreclosure, it would be improper to look to mortgage value of mortgage or property because plaintiff did not request that defendants be prevented from ever foreclosing on plaintiff's home or that the entire mortgage be canceled). Additionally, "[c]ourts have roundly rejected the argument that the amount in controversy is the entire amount of the loan where a plaintiff seeks injunctive relief to enjoin a foreclosure sale *pending a loan modification*." *Vergara v. Wells*

Page 4 of **6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**   2:26-cv-03745-BFM                   **Date:** June 9, 2026

**Title:**       *Juan Carlo Mendoza v. Carrington Mortgage Services, LLC et al*

======================================================================

*Fargo Bank, N.A.*, No. SACV 15-00058-JLS, 2015 WL 1240421, at \*2 (C.D. Cal. Mar. 17, 2015) (emphasis in original) (also noting that the Homeowner Bill of Rights only permitted an injunction until the violation was corrected, not permanent injunctive relief); *Cephas-Boyd v. Shellpoint Partners, LLC*, No. EDCV 16-386-JGB (KKx), 2016 WL 1600828, at \*3–4 (C.D. Cal. Apr. 21, 2016) (granting remand given uncertainty about whether the § 2923.6 injunction requested was temporary or permanent and considering that the complaint's gravamen was to receive the loan modification rather than to rescind the loan).

Based upon Plaintiff's Complaint and the record, it is unclear whether the general rule or a narrow exception applies. Plaintiff seeks injunctive relief and alleges that Defendant intended to sell Plaintiff's property via trustee's sale on March 11, 2026, but Plaintiff's claims are based on a loan modification application and he does not request that the mortgage be canceled or that Defendant be permanently enjoined from foreclosing on his property. (ECF 1 at 18-20.) Furthermore, the record reflects that foreclosure may have been off the table by the time of removal: a temporary restraining order enjoined Defendant from selling Plaintiff's property as of March 11, 2026, and the foreclosure sale was canceled in April 2026. (ECF 8-1 at 30-33.)

C. Restitution and Disgorgement

Plaintiff also seeks restitution and disgorgement and disgorgement of sums obtained by Defendant for foreclosure fees. (ECF 1 at 21.) The California Supreme Court has clarified that, "while restitution was an available remedy under the UCL, disgorgement of money obtained through an unfair business practice is an available remedy in a representative action only to the extent that it constitutes restitution." *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1145 (2003). And it is unclear from Plaintiff's Complaint that restitution would bring the amount in controversy close to $75,000. *See*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**   2:26-cv-03745-BFM           **Date:** June 9, 2026

**Title:**     *Juan Carlo Mendoza v. Carrington Mortgage Services, LLC et al*

================================================================

*Bettison v. Wells Fargo Bank, N.A.*, No. SA-CV 18-0419-DOC (JCGx), 2018 WL 5880835, at *9–11 (C.D. Cal. June 12, 2018) (noting that only restitution and injunctive relief were available under the UCL and finding that plaintiff's allegations did not suggest that he could allege restitution for over $75,000.).

Accordingly, the parties are **ordered to show cause** why this Court has jurisdiction over this case. The parties' responses shall be provided in writing no later than **June 16, 2026**. Both parties should be prepared to discuss the matter at the hearing of the Motion to Dismiss previously scheduled for June 23, 2026.

**IT IS SO ORDERED**

cc:    Counsel of Record

Initials of Preparer:    ch